UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 03-CV-473

FILED
CHARLOTTE, N.C.

03 OCT 27 PM 3: 54

U.S. DISTRICT COURT
W. DIST. OF N.C.

AYMAN MIHIAR,

    Plaintiff,

v.

BOVIS LEND LEASE; BOVIS LEND LEASE, INC.; BOVIS LEND LEASE HOLDINGS, INC.; LEND LEASE COMPANY; TOM MATYOLA; PETE MARCHETTO; KAREN COE; MICHAEL FEIGIN; SIMON HICKEY; DENIS MOORE and MARK MELSON,

    Defendants.

MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(1) MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT
(SARBANES-OXLEY)

Defendants Bovis Lend Lease, Inc., Bovis Lend Lease Holdings, Inc., ("Bovis Lend Lease" is not a legal entity), Lend Lease Corporation Limited, (incorrectly plead as Lend Lease Company), Tom Matyola, Pete Marchetto, Karen Coe, Michael Feigin, Simon Hickey, Denis Moore, and Mark Melson ("Defendants"), by their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1) and Local Rule of Civil Procedure 7.2, respectfully submit the following brief in support of their Motion for an Order dismissing Plaintiff's second cause of action against them pursuant to the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, for failure to comply with the jurisdictional prerequisites of that Act.

## FACTUAL BACKGROUND

Plaintiff's Complaint alleges a cause of action for Wrongful and Illegal Retaliation based on a violation of the Sarbanes-Oxley Act of 2002. (Compl. ¶¶ 114-121). Plaintiff's Complaint states that "[d]espite Defendants' threats, Plaintiff <u>intends</u> to provide this Complaint to the





United States Secretary of Labor, as providing this Complaint to the Secretary of Labor seems appropriate under the circumstances." (Compl. ¶ 121) (emphasis added).

## DISCUSSION OF AUTHORITY

Under the Sarbanes-Oxley Act, an individual may bring a civil whistleblower action only by first "filing a complaint with the Secretary of Labor" and "if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, [by] bringing an action at law or equity for *de novo* review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy." 18 U.S.C. § 1514A(b)(1) (2003). Therefore, as a jurisdictional prerequisite, a plaintiff must file a complaint with the Secretary of Labor and wait 180 days before bringing an action in federal court. *Id.*

While counsel for the Defendants could not find any reported cases dismissing a case for failure to comply with the Sarbanes-Oxley jurisdictional prerequisites, at least one court has recognized that an employee cannot file a Sarbanes-Oxley whistleblower action in federal court until 180 days after the employee files a complaint with the Secretary of Labor *Murray v. TXU Corp.*, 2003 WL 22047263 (N.D. Texas 2003). In *Murray*, the court found that the whistleblower's complaint was timely filed with the Secretary of Labor more than 180 days prior to filing in federal court. The court did, however, recognize that an action filed prior to 180 days would have to be dismissed for lack of subject matter jurisdiction. *Id.* at 3.

This is similar to cases considering similar jurisdictional prerequisites contained under Title VII and the ADEA. 42 U.S.C. § 2000e5(f)(1) (2003) (under Title VII, a charge must be lodged with the EEOC for 180 days prior to the time that litigation can be instituted); 29 U.S.C.

2

§ 626(d) (2003) (under the ADEA, suits cannot be brought until 60 days after a charge alleging unlawful discrimination has been filed with the EEOC).

Title VII's jurisdictional prerequisite is similar to that contained in the Sarbanes-Oxley Act of 2002 as both require a complaint to be submitted to the EEOC and the Secretary of Labor, respectively, 180 days prior to bringing a civil action in the federal courts. 42 U.S.C. § 2000e5(f)(1) (2003); 18 U.S.C. § 1514A(b)(1) (2003). The federal courts have held that a person seeking redress for employment discrimination under Title VII may not bypass the EEOC and proceed directly to federal court. *See, e.g., Local 179, United Textile Workers of Am., AFL-CIO v. Fed. Paper Stock Co.*, 461 F.2d 849, 851 (8th Cir. 1972). Rather, the federal courts only have jurisdiction over the employment discrimination claim 180 days after the charge has been submitted to the EEOC or when the EEOC gives notice of the right to sue. *Id.* Where the jurisdictional prerequisites of Title VII have not been satisfied, the federal courts do not have subject matter jurisdiction. *See, e.g., Henderson v. Employment Sec. Comm'n*, 910 F. Supp. 252, 254 (W.D.N.C. 1995) (holding that if the jurisdictional prerequisites contained in Section 2000e-5(c) of Title VII have not been satisfied, the Court lacks subject matter jurisdiction); *Payne v. Duracell U.S.A.*, 745 F. Supp. 341, 342 (M.D.N.C. 1990) (holding that "[b]efore filing a Title VII suit in court, a Plaintiff is required to exhaust administrative remedies by timely filing a charge with the Equal Employment Opportunity Commission"); *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1265 (7th Cir. 1978) (taking notice that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII and under the ADEA and that failure to meet these jurisdictional prerequisites may result in lack of federal jurisdiction).

The Age Discrimination in Employment Act also contains a jurisdictional prerequisite similar to that contained in the Sarbanes-Oxley Act of 2002. 29 U.S.C. § 626(d) (2003); 18

U.S.C. § 1514A(b)(1) (2003). The federal courts, like those examining Title VII's jurisdictional prerequisites, have held that a claimant cannot maintain an action in federal court under the ADEA unless the claimant filed a claim with the EEOC, as required by the ADEA. *See, e.g., Vesey v. Grover*, 780 F. Supp. 991, 993 (W.D.N.Y. 1992) (holding that because the plaintiff did not file a charge of age discrimination with the EEOC, the court must dismiss the plaintiff's ADEA claim).

In this case, the Plaintiff's complaint states that the Plaintiff has not submitted a claim to the Secretary of Labor before bringing this action. (Compl. ¶ 121). Therefore, the Plaintiff has failed to comply with the jurisdictional prerequisite contained in the Sarbanes-Oxley Act of 2002. 18 U.S.C. § 1514A (2003).

## CONCLUSION

The Defendants respectfully request that the Court enter an Order dismissing Plaintiff's second cause of action pursuant to the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, for failure to comply with the jurisdictional prerequisites of that Act.

This the 27th day of October, 2003.

Respectfully submitted,

By: _/s/ Margaret Behringer Maloney_
Margaret Behringer Maloney (N.C. Bar No. 23253)
Hamilton, Gaskins, Fay & Moon, PLLC
201 S. College St.
2020 Charlotte Plaza
Charlotte, NC 28244-2020
704.344.1117 telephone
704.344.1483 facsimile

4

Guy Allen (New York Bar. No. 5032)
Neil S. Rosolinsky (New York Bar No.1869)
Abbott, Reiss & Allen, P.C.
309 West Park Avenue
Long Beach, New York 11561
Telephone: 516-889-2700
Facsimile: 516-889-2497

*Counsel for Bovis Lend Lease, Inc., Bovis Lend Lease Holdings, Inc., Lend Lease Corporation Limited (incorrectly plead as Lend Lease Company and Bovis Lend Lease), Pete Marchetto, Karen Coe, Michael Feigin, Simon Hickey, Denis Moore, and Mark Melson*

By: *Robert A. Blake (by MBM)*
James F. Wyatt, III (N.C. Bar No. 13766)
Robert A. Blake, Jr. (N.C. Bar No. 20858)
Law Offices of James F. Wyatt, III
435 East Morehead Street
Charlotte, North Carolina 28202-2609
Telephone: 704-331-0767
Fax: 704-331-0773

*Counsel for Tom Matyola*

# CERTIFICATE OF SERVICE

I, Margaret Behringer Maloney, hereby certify that on this 27th day of October, 2003 I served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(1) MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT** upon counsel of record by depositing a copy thereof in the United States mail, postage prepaid and addressed as follows:

> Bruce M. Simpson, Esq.
> James, McElroy & Diehl, P.A.
> 600 South College Street
> Charlotte, North Carolina 28202
>
> *Counsel for Plaintiff*

*/s/ Margaret Behringer Maloney*
Margaret Behringer Maloney
HAMILTON GASKINS FAY & MOON, PLLC
2020 Charlotte Plaza
201 South College Street
Charlotte, North Carolina 28244-2020
Telephone: 704/344-1117

CHLT 87204v1